Mr. Jeremy Peterson Arkansas Family Rights Coalition 5824 Duncan Road Fort Smith, Arkansas 72903-3216
Dear Mr. Peterson:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the popular name and ballot title for a proposed initiated measure. Your submission fails to include a proposed popular name. Your proposed ballot title is as follows:
 Ballot Title THIS MEASURE ESTABLISHES, AMENDS, RATIFIES, RENUMBERS, AND/OR CREATES PROVISIONS WITHIN TITLES 09, 12, 05, 19, 11, 23 AND 20 OF THE ARKANSAS STATUTES. THE MEASURE, HEREIN, CALLS FOR LEGISLATIVE ACTION(S) AND/OR LANGUAGES WHICH WILL PROVIDE A CLEAR DEFINITION OF THE "BEST INTERESTS OF THE CHILD," WHERE THERE IS NOT, CURRENTLY, A CLEAR SET OF CRITERIA WHICH ESTABLISH THE "BEST INTERESTS OF THE CHILD" IN THIS STATE. THIS MEASURE, ADDITIONALLY, CALLS TO ESTABLISH OR AMEND ARKANSAS STATUTES IN SUCH A LANGUAGE AS WILL SUBJECT ANY INDIVIDUAL, STATE AGENCY, AFFILIATE ORGANIZATION, LEGAL, MEDICAL, AND MENTAL HEALTH PROFESSIONAL TO CRIMINAL AND/OR CIVIL PENALTIES WHEN UNNECESSARY SEPARATION OF CHILD AND FAMILY, WRONGFUL TERMINATION OF PARENTAL RIGHTS, FRAUDULENT *Page 2 
ACTIVITIES, OR OTHER DEFINED ACTIONS/INFRACTIONS ARE PROVEN. FURTHERMORE, THE MEASURE REMOVES AND REPLACES THE "CLEAR AND CONVINCING EVIDENCE" RULE IN JUVENILE COURT PROCEEDINGS, AND ESTABLISHES A LANGUAGE OF LAW WHICH PROMOTES THE IMPORTANCE OF FAMILIAL BOND.
 THIS MEASURE SEEKS TO "OVERHAUL" THE CURRENT ARDHS SYSTEMS, RE-ENGAGE AND EMPOWER THE CITIZENS (BOTH CHILDREN AND ADULTS), OF THIS STATE, AND FOSTER THE IDEAL OF COMMUNITY UNITY, SANCTITY OF FAMILY, FAMILY UNION, UNALIENABLE CIVIL AND CONSTITUTIONAL RIGHTS (FOR BOTH PARENTS AND THEIR CHILDREN), WHILE CONTINUING TO MORE PROPERLY PROTECT THE LIVES AND INTERESTS OF AUTHENTICALLY ABUSED AND/OR NEGLECTED CHILDREN.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition. Neithercertification nor rejection of a popular name and ballot title reflectsmy view of the merits of the proposal. This Office has been given noauthority to consider the merits of any measure.
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. In addition, following Arkansas Supreme Court precedent, this office will not address the constitutionality of proposed measures in the context of a ballot title review unless the measure is "clearly contrary to law." Kurrus v. Priest, 342 Ark. 434,29 S.W.3d, 669 (2000); Donovan v. Priest, 326 Ark. 353, 931 S.W.2d 119
(1996); and Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). Consequently, this review has been limited to a determination, pursuant to the guidelines that have *Page 3 
been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure that thepopular name and ballot title honestly, intelligibly, and fairly setforth the purpose of the proposed amendment or act. See Arkansas Women'sPolitical Caucus v. Riviere, 283 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277,285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418,798 S.W.2d 34 (1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988);Hoban v. Hall, supra; and Walton v. McDonald, 192 Ark. 1155,97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian CivicAction Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) *Page 4 
honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71
(1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed ballot title under the above precepts, it is my conclusion that I must reject your proposal due to ambiguities in the text of your proposed measure. First, as an initial matter, you have failed to submit a proposed "popular name" for my review. Section 7-9-107(a) of the Arkansas Code is very clear in requiring a sponsor of a measure to submit the measure for my review with both a proposed ballot title and popular name. See also, Ops. Att'y Gen. 2006-072, 2003-378 and-379. A number of additions or changes to your ballot title are, in my view, necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of the ambiguities. I am therefore unable to substitute and certify a more suitable and correct popular name and ballot title pursuant to A.C.A. § 7-9-107(b).
Rather than addressing the numerous ambiguities in detail, I will simply point out that your proposed measure generally fails to specify what laws it means to mandate or how those laws would affect current law. In large part, your submission consists of rhetorical protests against what you characterize as "egregious and obscene outrages, indignities, loss of affection, emotional trauma, economic loss, violations of unalienable civil, statutorial, and constitutional rights and liberties, unnecessary separation of family, and false imprisonment caused by false child abuse allegations, elements perceived as State-abetted extortion, and child exploitation. . . ." I am quite simply unable to summarize in a ballot title what this means. I am likewise unable to summarize the standard you characterize as the "best interests of the child" — a priority you opaquely define as meaning "the least detrimental alternative objectively determined to have the lowest rates of per capita occurrence with regard to" 36 items listed in your measure. Among these items are considerations such as "nosocomial abuse" and "science fraud." I cannot summarize in a ballot title what these and numerous other provisions mean.
I gather that your proposed measure reflects some disaffection with the Arkansas Department of Health and Human Services regarding its policies for the removal from relatives of children suspected of being abused. I am obviously not situated to opine on the state's policies in this regard. My charge is only to summarize, if *Page 5 
possible, in a popular name and a ballot title the substance of a proposed change in the law. In this particular instance, given that your text consists almost exclusively of rhetoric, and contains little in the way of specific provisions, I am unable to draft any such summary.
The content, draftsmanship, and detail of the text of an initiated measure are matters for the sponsor of the initiative. Please be aware in this regard that the language of your proposed initiative must be capable of being summarized in order for me to be able to perform my statutory duty in certifying a ballot title and popular name for each measure. I must be able to clearly understand the text and clearly understand how each proposal will change current law.
As a consequence of this rigorous standard of review, I strongly encourage you to confer with someone experienced in the drafting of legislation and/or the editing of legal documents before resubmitting your proposed initiative. I will of course be pleased to perform my statutory duties in a timely manner after resubmission.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107 and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law.See, e.g., Finn v. McCuen,303 Ark. 418,793 S.W.2d 34 (1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure." Roberts v.Priest, 341 Ark. 813, 20 S.W.3d 376 (2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id. Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my *Page 6 
statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. § 7-9-107(c). You may, after clarification of the matter discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
DUSTIN McDANIEL Attorney General

 *Page 1